106  321
108  128
106  321
110  530

F. HOOKER, Appellant, v. G. W. CHITTENDEN.

**Attachment:**  DAMAGES.   Evidence as to the relative condition of
trade at the approach of holidays as compared with other seasons
4   of the year, in an action to recover damages for wrongful writ of
attachment, is reversible error where the attachment debtor's
trade was not interfered with by the levy of such writ.

**Motion for New Trial:**  WHAT IS:   *Review.*   Plaintiff filed a motion
to set aside a general verdict and certain special verdicts for
defendant, and to have rendered a judgment for himself on a spe-
1   cial verdict in his favor, stating as reasons therefor certain grounds
appropriate for a motion for new trial, none of which would
authorize the court in sustaining this motion.   *Held,* where plain-
tiff has not asked for a new trial, the record was in a condition
which precluded a determination whether a new trial could have
been granted.

SAME.  ·  The mere fact that such motion was designated in the judg-
1   ment as a motion for new trial does not authorize the conclusion
that it was treated as a motion for new trial, in the lower court.

MOTION FOR JUDGMENT:   *Waiver.*   The failure to include errors
2   arising on the trial, which might be reviewed without motion
for new trial, in a motion for a judgment on special findings, does
not waive the right to have such errors reviewed on appeal.   The
motion for judgment cannot affect what is not involved in it.

**Appeal:**  MISLEADING INSTRUCTION:   *Curing.*   The inadvertent use
of the word "replevin" instead of "attachment" in an instruction
authorizing the jury to award exemplary damages in case the
3   writ was sued out maliciously is reversible error, and is not cured
by an additional instruction in which the correct word is used,
where there was evidence of the issuing of a writ of replevin and
it is clear from the verdict that the jury took into consideration
the issuance of such writ, the damages sustained by which were
not material to the issues in the case.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER,
Judge.

THURSDAY, OCTOBER 13, 1898.

ACTION to recover one thousand five hundred dollars, being the proceeds of goods sold by defendant at retail, for which he was to account to plaintiff at fixed prices. The defendant denied the indebtedness, and, by way of counterclaim, asked to be allowed damages for the wrongful and malicious suing out of a writ of attachment. Trial to jury. Verdict and judgment for defendant. Plaintiff appeals.— *Reversed.*

*Ayers, Woodin & Ayers* for appellant.

*Read & Read* for appellee.

LADD, J.—The general verdict was for the defendant and fixed the amount of his recovery at one hundred dollars. In the special verdicts, the jury found, by the fourth, that the plaintiff was entitled to recover one thousand five hundred dollars, as claimed in his petition; by the first, second, and third, that the writ of attachment was sued out wrongfully and maliciously; by the fifth, that the defendant suffered actual damages in the sum of two hundred dollars; and, by the sixth, that he was entitled to one thousand four hundred dollars as exemplary damages. It will be observed that these findings are not inconsistent with the general verdict. Nevertheless, the plaintiff filed his motion, entitled "Motion in Arrest of Judgment," in words following: "Now comes the plaintiff, and moves the court to set aside the general verdict of the jury in this case, and to render a judgment for the plaintiff, and against the defendant, on the fourth special finding or verdict of the jury, and to set aside the first, second, third, fifth, and sixth findings and special verdicts of the jury, for the following reasons." Twenty-nine grounds appropriate for a motion of a new trial are then set out, none of which, if well founded, would authorize the court in sustaining this motion. No reasons are stated for rendering judgment, notwithstanding verdict, under sections 3757 and 3758 of the Code. It is somewhat difficult to determine

the purpose of appellant in presenting such a motion to the court. He urges that it complies with the requirements of section 3755, which is, in part: "A new trial is a re-examination in the same court of an issue of fact, or some part or portions thereof, after verdict by a jury, report of a referee, or a decision by the court. The former report, verdict, or descision, or some portion thereof, shall be vacated and a new trial granted, on the application of the party aggrieved, for the following causes affecting materially the substantial rights of such party." It is very evident, without setting out the causes enumerated, that, in order to obtain a new trial, the aggrieved party must apply therefor. While the title of this motion is a misnomer, the plaintiff may well be presumed to have asked the relief he desired. A new trial is not included in his request. Indeed, it is absolutely inconsistent with the judgment he prays. In asking that the general verdict be set aside, and also five of the special interrogatories, he sought only what was necessary to accomplish before the relief prayed could be granted. The appellant explains his motion by saying a new trial was only desired on the counterclaim. If so, he was unfortunate in not making his wishes known to the court. The record is in a condition which precludes determining whether a new trial could have been granted on a part of the issues. See *Bond v. Railway Co.,* 67 Iowa, 712; *Woodward v. Horst,* 10 Iowa, 120.

II.   It is also urged that the motion was treated as a motion for a new trial in the lower court. The mere fact that it was so designated in the judgment does not authorize this conclusion, and we know of no rule requiring a party to point out the defects in such a motion made by his adversary.

III.   The appellee insists that by filing this motion the plaintiff waived all errors not referred to therein, and which might have been considered without motion for new trial. We have held that filing of a motion for judgment does not waive the consideration of errors alleged in an application for

new trial. *Pieart v. Railway Co.,* 82 Iowa, 148. And it is
not perceived why a different rule should obtain as to errors
which may be passed on without such an application. A
motion for a new trial filed too late is not a waiver of errors
proper to be determined without it. *Beems v. Railroad Co.,*
58 Iowa, 150; *Kaufman v. Manufacturing Co.,* 78 Iowa, 679.
And, where such a motion is pending, an appeal from a judg-
ment rendered on a verdict will be considered, and errors
arising on the trial be passed on, although the motion is
undetermined. *Hunt v. Railway Co.,* 86 Iowa, 15.
It fairly follows from these decisions that a motion
for judgment which does not involve a consideration
of errors arising during the course of a trial in no manner
waives the right to have them reviewed. *Brown v. Rose,*
55 Iowa, 734.

IV. Before touching what we deem the important
question in this case, it is well to know somewhat of the
facts. The plaintiff began pressing Chittenden for security
about December 18, 1895; and on the twenty-first the latter
executed to Holland and McKinney two mortgages, covering
his entire stock of goods, securing the payment of one thou-
sand nine hundred and forty-five dollars. On the following
day Hooker bought and took an assignment of these mortgages
in the name of one Brody (whether at Chittenden's request
need not now be determined); and as the latter still refused to
give security, and also refused to surrender the stock of
goods under the mortgage, proceedings in replevin were begun
in the name of Brody, and the entire stock taken under the
direction of Hooker and his attorney. Thereafter the writ of
attachment was levied on a linoleum carpet and a show case;
and one Welday, who held certain mortgages of Chittenden,
amounting to six hundred dollars, was served with notice of
garnishment. While there were other notices of garnishment,
the claim for actual damage was based on the loss of use of the
property referred to, and its depreciation in value. Chitten-
den was permitted to testify that these mortgages depreciated

in value three or four hundred dollars, between the date of the levy and the trial, which could not have exceeded nine months, as judgment was rendered in September, 1896. The abstract does not disclose when the trial occurred. The cross-examination, however, shows this to have been a mere conjecture, and without any basis of fact whatever. No proof of depreciation in the other property is shown. Chittenden says the value of the use of the show case was the same as its value,—thirty dollars,—but that there was no rental value for it; and Hooker thinks its use might have been worth five dollars. The amount of actual damage, then, did not exceed thirty dollars. It is true, as the court did not have any opportunity to pass upon the insufficiency of the evidence to support the verdict, we cannot reverse the judgment on that ground. *Waterhouse v. Black,* 87 Iowa, 317. It is mentioned as bearing upon a portion of the eleventh instruction. After correctly advising the jury under what circumstances to allow actual damages, and the measure thereof, this language is employed: "If, after considering the evidence under the instructions of the court, you find that the defendant had sustained actual damage, then you may inquire and determine whether or not the suing out of the writ of replevin was maliciously done by the plaintiff; that is, with the design to oppress, wrong, and injure the defendant. And if you find the writ so maliciously sued out by the plaintiff, and if you have found that the writ was wrongfully sued out, and that actual damage has thereby resulted to the defendant, then you may give the defendant, in addition to his other damages, such exemplary damages as you may deem proper, which damages are defined in the next instruction." In the next instruction, after defining exemplary damages, is found this sentence: "If you find that the defendant has sustained actual damages by reason of the wrongful suing out of said writ of attachment, and also that said writ of attachment was sued out for the purpose on the part of the plaintiff to injure the defendant, then you may allow, in

addition to the actual damages, such sum as you think should be allowed as exemplary damages, but in no case to exceed the sum sued for, to wit, $4,500." This does not cure the error. It permits the jury to allow exemplary damages also, in event the writ of attachment was sued out maliciously. Without doubt, the word "replevin" was used in the eleventh paragraph through inadvertence, and this would ordinarily be sufficiently explained in the context. But the trial in this case necessarily involved a review of the entire transaction and the dealings between the parties during the period of replevying the stock of goods and levying the writ of attachment. If the circumstances were as related by the defendant, and his entire stock of goods taken under the writ of replevin with a bad purpose just before the holiday trade, the jury might well feel that substantial punishment should be inflicted. But the levying of the writ of attachment on the show case and carpet, and the garnishment of Welday, did not interfere materially with his trade, nor interrupt his business. The actual damages caused thereby were inconsiderable, and the fact that exemplary damages were allowed in the sum of one thousand four hundred dollars,—out of all proportion to the actual damages suffered,—indicates that the jury was misled by this instruction, and took into consideration the fact that his trade was interrupted or destroyed, and his stock taken from him under the writ of replevin. In no other way can the finding of the jury be explained.

V. We think, also, that the court erred in permitting this question to be answered: "What, Mr. Chittenden, is the fact as to the relative condition of trade at the approach of the holidays, as compared with the other seasons of the year?" As said, it does not appear that his trade was interfered with by the levy of the writ of attachment, and the answer would not aid the jury in passing upon any issue proper for their consideration. The fact that it was the most profitable season of the year was doubtless considered in determining the purpose of the plaintiff, as permitted, in

suing out the writ of replevin. Many other errors are argued, but not of sufficient importance to require detailed consideration. We discover none prejudicial except as indicated. Owing to those pointed out, the judgment is REVERSED.