[No. 13470. Department One. February 13, 1917.]

VERMONT FARM MACHINE COMPANY, *Appellant*, v. GEORGE W. LAMKA, *as Vancouver Implement Company,* *Respondent.*[1]

NEW TRIAL—TIME FOR MOTION. Under Rem. Code, § 402, providing that a motion for a new trial must be made within two days after the verdict, a motion for new trial made more than two years after the verdict cannot be considered.

Appeal from a judgment of the superior court for Clarke county, Jackson, J., entered November 10, 1915, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*Arthur I. Moulton*, for appellant.

*Percival & Talbot* and *McMaster, Hall & Drowley,* for respondent.

MAIN, J.—The purpose of this action was to recover the balance alleged to be due for goods, wares and merchandise sold and delivered. The defendant admitted the purchase and delivery, and pleaded affirmatively that it had been mutally agreed between the plaintiff, the defendant and one George E. Corsen, that Corsen would pay to the plaintiff the amount due, in the place of the defendant, and that the plaintiff would look to Corsen alone for the payment, and the defendant should be released from the obligation. The affirmative defense pleaded in the answer was denied by the reply. The issue thus framed was tried to a jury, and resulted in a verdict for the defendant. After the verdict was

[1]Reported in 162 Pac. 984.

returned, and before it was entered, the plaintiff interposed
a motion for judgment notwithstanding the verdict.    The
verdict was returned and entered on the 30th day of January,
1913.    Thereafter no further steps were taken in the cause
until the 7th day of October, 1915, when the plaintiff made
a motion for a new trial.    The ground of this motion was
that the notes of the court reporter, who had been employed
by the plaintiff to report the case at the time of the trial,
had been lost, and that, owing to the lapse of time, a bill of
exceptions could not be prepared without the aid of the re-
porter's notes.    On the 8th day of November, 1915, the
motion for a new trial and a motion for judgment notwith-
standing the verdict were overruled by the trial court, and
a judgment entered upon the verdict.    From this judgment,
the plaintiff appeals.

Whether the facts upon which the motion for a new trial
in this case are based are included within the statutory
grounds for a new trial, and whether, if not so included, the
court has any inherent power to grant a new trial for other
than statutory grounds, are questions which are not properly
here to be considered, and upon which no opinion will be ex-
pressed.    No extension of time had been granted by the trial
court in which a motion for a new trial could be made, and
the motion for a new trial was made approximately two years
and eight months after the verdict was returned and entered.
The statute, Rem. Code, § 402, provides that the party
moving for a new trial must, within two days after the ver-
dict of a jury, file with the clerk, and serve upon the adverse
party, his motion for a new trial, designating the grounds
upon which it is made.    There being no extension of time in
which the motion for a new trial might be made, and the
motion not being made within the statutory two days, it can-
not be considered.    The motion was made without authority
of law, and therefore presents no question for determination.
*Grove v. Morris*, 31 N. D. 8, 151 N. W. 779; *Hedekin Land*

& *Improvement Co. v. Campbell* (Ind.), 112 N. E. 97; *Haviland v. Southern California Edison Co.*, 172 Cal. 601, 158 Pac. 328.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.