ABE MILLER, Appellant, v. SOUTHERN SURETY COMPANY, Appellee.

No. 40211.

MARCH 18, 1930.

*Hyman E. Miller,* for appellant.

*Parrish, Cohen, Guthrie, Watters & Halloran* and *Stuart S. Ball,* for appellee.

STEVENS, J.—I. The trial of the case was concluded February 19, 1929. On March 5th, appellee filed a motion for new trial, and on March 9th, another motion, entitled "An amendment to the motion for new trial," for judgment  notwithstanding the verdict. The motion for new trial was not ruled upon by the court, but, as stated, the motion for judgment was sustained. Appellee concedes that, if the second motion was not germane and a proper amendment of the motion for a new trial, it was filed too late, and could not be considered by the court.

Section 11550 of the Code of 1927 provides the grounds upon which a motion for new trial may be based. Section 11553 of the Code of 1927 authorized the filing of a motion for judgment by the losing party notwithstanding the verdict against him, upon certain grounds therein specified. Section 11556 requires such motion to be filed within the same time as motions for new trial. Motions for new trial must be filed within five days after the verdict, unless time therefor is extended by the court. The motion for judgment notwithstanding the verdict, having been filed more than five days after the verdict, was manifestly too late, and the court could not properly consider it. This motion is in no sense a motion for new trial, and bears no relation thereto. Its purpose is to avoid a new trial and to secure a final judgment in favor of the movant.

II. Appellee moved for a directed verdict at the close of the testimony for appellant, and again at the close of the evidence. Both motions were overruled. It is now contended by  counsel for appellee that, as these motions should have been sustained, the ruling of the court on the motion for judgment notwithstanding the verdict was without prejudice to appellant. There is no cross-appeal. If, however, the contention of appellee is correct, this court may, notwithstanding the error in the ruling on the

motion for judgment, affirm. *Voorhees v. Arnold,* 108 Iowa 77; *State v. Consolidated Ind. Sch. Dist.,* 188 Iowa 959; *Snell v. Dubuque & S. C. R. Co.,* 88 Iowa 442; *Royer v. King's Crown P. Co.,* 147 Iowa 277; *Landis v. Interurban R. Co.,* 173 Iowa 466.

Following the ruling of the court on the first motion to direct a verdict, appellant filed a reply to the answer, which alleged full payment and satisfaction of the indemnity as a defense. The reply alleged that the settlement, which was evidenced by a receipt in full, was obtained by fraud and mistake.

It is appellant's claim that he is unable to read, and therefore did not read the contents of the receipt, and that he believed the settlement was partial only, and did not relate to future-continuing disability.

The evidence in support of the allegations of the reply is meager, but we are disposed, without further comment thereon, to remand the case to the court below. The contention of appellee that the mistake, if any, was all on one side depends upon the inferences that may be drawn from the evidence. We shall not further discuss the evidence.

III. As stated, appellant's reply was filed after the ruling of the court on the first motion for a directed verdict. It is claimed that this was too late, and that the court abused its discretion in authorizing the same to be filed. Ample opportunity was left for appellee in which to meet all of the allegations of the reply with testimony. No continuance of the case was asked. It is clear that the court did not abuse its discretion.

For the error pointed out, the judgment is—*Reversed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.