[No. 24581.   Department One,   December 7, 1933.]

PAUL HINZ, *Appellant*, v. CROWN WILLAMETTE PAPER COMPANY, *Respondent*.[1]

*Charles S. Lane* and *B. G. Skulason,* for appellant.

*J. D. Currie* and *Griffith, Peck & Coke,* for respondent.

MILLARD, J.—This action was brought to recover for personal injuries and property damage alleged to have been sustained by the plaintiff by reason of the emission of poisonous gases and offensive odors from the smokestacks of the defendant's paper and pulp mill at Camas.   Admitting the operation of the mill, the defendant denied that plaintiff. suffered any damage as a result of the emission of gases and odors

[1]Reported in 27 P. (2d) 576.

from the mill. As an affirmative defense, defendant pleaded that, by reason of a petition signed by plaintiff and others, in March, 1925, waiving their right of action in consideration of the construction and operation of the mill, plaintiff was precluded from maintenance of the action. That petition reads as follows:

"Camas, Washington, March, 1925.
"To the Crown Willamette Paper Company,
"Pittock Block, Portland, Oregon.
"Gentlemen:

"We, the undersigned, residents and property owners in, and in the vicinity of the city of Camas, Washington, respectfully request you to construct and operate a sulphate or kraft mill at said city of Camas. This petition is addressed to you with the full realization of the fact that more or less objectionable odors and gases result from and are incident to the operation of a sulphate or kraft pulp mill, and in consideration of the construction and operation of such a mill at or in the vicinity of said city of Camas, we waive any objection or complaint to the construction, maintenance and operation of said mill and the odors and gases resulting therefrom.

"This petition and request is addressed to you because of the fact that it was stated in The Morning Oregonian, of Portland, Oregon, of March 3, 1925, that you contemplated the construction of a sulphate or kraft pulp mill and that you are yet undetermined where the same will be located."

Defendant's challenge to the sufficiency of the evidence at the close of the case was denied. Trial of the cause to a jury resulted in a verdict in favor of the plaintiff. That verdict was rendered on December 6, 1932. On the following day, the defendant served and filed a motion for a new trial on the grounds of excessive damages, insufficiency of the evidence, and certain errors in law occurring at the trial and excepted to at the time by defendant. On December 14, 1932, the parties entered into a stipulation,

which was filed December 16, 1932, to the effect that the defendant might amend its motion by including therein a motion for judgment notwithstanding the verdict and

". . . that the said amended motion as filed by the defendant shall have every force and effect as though filed upon the date of filing the original motion, to-wit, on December 7, 1932."

The amended motion was filed December 16, 1932. On January 4, 1933, the court entered an order granting the motion for a judgment notwithstanding the verdict and, in the alternative, for a new trial, should that judgment be reversed. Judgment was entered accordingly. The plaintiff has appealed.

The assignment that the trial court erred in granting a motion for judgment notwithstanding the verdict is well taken. A motion for a new trial must be served and filed within two days after the verdict is returned. Rem. Rev. Stat., § 402. A motion for judgment notwithstanding the verdict must be served and filed within two days after the verdict is returned. Rem. Rev. Stat., § 431. A motion for judgment notwithstanding the verdict is in no sense a motion for a new trial, and bears no relation thereto. The purpose of such motion is to avoid a new trial and to secure a final judgment in favor of the movant. *Miller v. Southern Surety Co.*, 209 Iowa 1221, 229 N. W. 909.

The motion for a new trial was timely filed, but the motion for judgment notwithstanding the verdict was not filed until ten days after the return of the verdict. The incorporation of the motion for judgment notwithstanding the verdict and the motion for a new trial, eight days after the return of the verdict, in an amended motion, or a substitute motion for the motion for a new trial which was timely filed, was not in compliance with the statutory requirement. The

time within which a motion for a new trial and a motion for judgment notwithstanding the verdict must be made, served and filed is specified by statute. The statutory provision is mandatory. The time could not be extended by stipulation of the parties. *Talbot v. Meyer,* 183 Ind. 585, 109 N. E. 841. See, also, *Clark v. Cawdell,* 72 Okla. 321, 181 Pac. 285; *Pyle v. Finnessy,* 275 Pa. 54, 118 Atl. 568; *Coughlin v. Aetna Life Ins. Co.,* 49 N. Dak. 948, 194 N. W. 661; *Miller v. Southern Surety Co.,* 209 Iowa 1221, 229 N. W. 909; *Vermont Farm Machine Co. v. Lamka,* 94 Wash. 622, 162 Pac. 984.

The only motion properly before us is the original motion for a new trial, as it was not superseded by the amended or substitute motion, which was filed too late. A timely amended motion would have constituted an abandonment of the original motion. *State v. Burns,* 312 Mo. 673, 280 S. W. 1026, 44 A. L. R. 848.

■ The assignment that the court erred in granting the motion for a new trial is without merit.

The order granting the motion for a new trial was based on several grounds, one of which was excessive damages. On that ground, the order can be soundly rested, thereby obviating a review of the evidence which the trial court deemed insufficient to sustain the verdict.

The jury returned a verdict in favor of the plaintiff in the sum of five thousand dollars. Of this amount, twenty-eight hundred dollars was for property damage and twenty-two hundred dollars for personal injuries—throat disease alleged to have been caused by respondent's negligence. There was evidence that the throat trouble of which appellant complained was the same bronchial affection with which he had been afflicted continuously prior to taking up his residence in Camas. The trial judge was in a position to observe

the appearance and bearing of the appellant and the witnesses, and their manner of testifying, and was better qualified to pass upon the credibility and weight of their testimony than this court can be. The trial court was of the opinion that the verdict was against the weight of the evidence and that substantial justice had not been done between the parties, hence, as we said in *Field v. North Coast Transportation Co.,* 168 Wash. 515, 12 P. (2d) 749, "it is not only the privilege but the duty of the court to grant a new trial."

We held in *Wait v. Robertson Mortgage Co.,* 37 Wash. 282, 79 Pac. 926, that the granting of a new trial solely on the ground that the verdict was excessive is within the discretion of the trial court. In the course of that opinion, we said:

"In *McLimans v. Lancaster,* 57 Wis. 297, 15 N. W. 194, the supreme court of Wisconsin says:

" 'The judge before whom the cause was tried heard the testimony, observed the appearance and bearing of the witnesses and their manner of testifying, and was much better qualified to pass upon the credibility and weight of their testimony than this court can be. There are many comparatively trifling appearances and incidents, lights and shadows, which are not preserved in the record, which may well have affected the mind of the judge as well as the jury in forming opinions of the weight of the evidence, the character and credibility of the witnesses, and of the very right and justice of the case. These considerations cannot be ignored in determining whether the judge exercised a reasonable discretion or abused his discretion in granting or refusing a motion for a new trial.' . . . The court below saw the plaintiff, heard him testify, observed his demeanor, knew his temperament and disposition, and, in the very nature of things, had opportunities of which this court is wholly deprived to judge of the merits of his cause and the extent of the damages suffered by the wrongs complained of.

"The appellant further contends that the court below, instead of granting a new trial, should have re-

quired the appellant to remit a part of the verdict, if deemed excessive. Where the amount of the excess in a verdict can be ascertained with certainty from an inspection of the record, this is perhaps true. But in actions like this, to recover unliquidated damages, the question whether a new trial shall be granted absolutely, or whether the prevailing party shall be required to remit a part of an excessive verdict, is addressed solely to the discretion of the trial judge, and, from the exercise of that discretion in granting a new trial absolutely, no appeal lies to this court.''

The judgment of dismissal is reversed, and the cause remanded for a new trial.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.