IN RE ESTATE OF RALPH E. LARIMER.

JENSEN-SALSBERY LABORATORIES, INC., Appellant, v. F. W. GANOE, Administrator, Appellee.

No. 44526.

JANUARY 17, 1939.

Carl E. Patterson, for appellant.

F. W. Ganoe, for appellee.

OLIVER, J.—On January 14, 1937, the claimant, Jensen-Salsbery Laboratories, Incorporated, filed a claim in probate against F. W. Ganoe, Administrator of the Estate of Dr. Ralph E. Larimer, deceased, for $402.91, for 29 shipments of serum, virus, veterinary supplies, etc., claimed to have been purchased on account from claimant by decedent and shipped from Des Moines to Madrid, Iowa, at various times between November 30, 1932, and September 29, 1936. Attached to said claim was an itemized statement consisting of invoices, Exs. A-1 to A-29, ad-

dressed to decedent, listing each alleged shipment with terms (open), date, items, prices, how shipped (parcel post, bus or express), shipping charge, name of salesman, etc.

The claim not being admitted, trial to a jury was had upon the issues raised by said claim and the denial interposed by operation of law under Code section 11961. At the trial the only material witness was claimant's Des Moines manager, Douglass, who identified Exs. A-1 to A-29 as being original entries in his charge and handwriting, made in the ordinary course of business at the times of the respective transactions. He also testified that Exs. A-1 to A-29 constituted a true and correct copy of the original book of entry. This witness testified further that he was the sole employee of the company at Des Moines, and at the dates therein set out shipped the items listed in Exs. A-1 to A-29 by express and parcel post, addressed to Dr. Larimer, with a return address thereon and also at said times sent decedent a copy of the invoice shipped.

Said exhibits show that 27 of the orders were taken by telephone and 2 by mail. Exs. A-1 to A-29 were offered and admitted in evidence. At this point it may be said that 4 of said exhibits list the salesman as Douglass & Gibson, and the Administrator contends this is contrary to the testimony of the witness, that there was also a variance in his testimony relative to the exhibits being original entries or copies and that in other respects the evidence was not necessarily conclusive.

By agreement the case was submitted to the jury under oral instructions and on December 1, 1937, the jury returned a verdict in favor of the Administrator, entry of which was filed and recorded on December 3, 1937.

On December 3, 1937, claimant filed a motion for judgment notwithstanding verdict, asking therein that the court enter judgment in its favor against the estate for the full amount of its claim upon the grounds that the claim was proven by competent evidence, that the administrator failed to plead any defense or introduce any evidence constituting a defense, that the administrator had the burden of proving payment and that the verdict was contrary to law and the evidence. On December 10, 1937, claimant filed a motion for new trial stating that the verdict was not sustained by sufficient evidence, that the administrator had plead no defense as required by Code section 11961, that the burden of proof rested upon the administrator under

Code section 11962, and that the court erred in instructing the jury that the burden of proof rested upon claimant. On December 10, 1937, the administrator filed resistance to motion for new trial stating that it was filed more than five days after the verdict and, therefore, the court was without legal authority to grant a new trial upon said motion. On December 10, 1937, claimant also filed application for order nunc pro tunc and extension of time for filing motion for new trial, on the ground that claimant's counsel was unfamiliar with the local rules of practice in said county and believed that he would have ten days within which to file said motion, and that unless the court should grant such extension, it would work great hardship upon claimant.

The court overruled the motion for new trial and denied the application for order nunc pro tunc and extension of time, holding that the motion for new trial and application for extension were both filed too late to permit their consideration and that the showing was insufficient to justify a nunc pro tunc order.

■ The abstract of record does not clearly show any ruling upon appellant's motion for judgment notwithstanding verdict. However, such motion, in any event, was of no avail in this case. A motion for judgment notwithstanding verdict is statutory under Code section 11553, which provides that it may be filed if the pleadings of the successful party omit to aver some material fact or facts necessary to constitute a complete cause of action or defense. In the case of Cownie v. Kopf, 199 Iowa 737, 202 N. W. 517, this court, in discussing this statute, said [page 738 of 199 Iowa, page 518 of 202 N. W.]:

"Even a cursory view of the aforesaid section * * * shows that a motion *non obstante veredicto* is based wholly on a defective pleading, in that it omits to aver some material fact or facts necessary to a complete cause of action or defense; and that the motion must clearly point out the omission." See, also, Miller v. Southern Surety Co., 209 Iowa 1221, 229 N. W. 909.

■ Under the provisions of Code section 11961 the administrator was not required to file any pleading and this statute interposed for the estate a general denial to the allegations of the claim. Lamm v. Sooy, 79 Iowa 593, 44 N. W. 893. Manifestly such general denial was sufficient and complete and no error .

could be founded upon the failure of the court to sustain this motion.

 The overruling of appellant's motion for new trial was proper. Such motions, when not based upon newly discovered evidence, must be made within five days from the date of the verdict unless additional time is given before the expiration of the five days. The statute governing motions for new trial has been frequently passed upon and was again construed in the recent case of Selby v. McDonald, 219 Iowa 823, 259 N. W. 485, in which this court said, 219 Iowa, loc. cit. 830, 259 N. W., loc. cit. 489:

"Therefore the directed verdict in this case which was entered of record in the journal of the court on January 20, 1916, was a verdict of the jury within the meaning of section 11551, providing that motions for new trial 'must be made within five days after the verdict'. This court has held in numerous cases that a motion made after the expiration of the statutory limitation is of no avail. Boardman v. Beckwith, 18 Iowa 292; Stiles & Winters v. Estate of Jesse Botkin, 30 Iowa 60; Clinton National Bank v. Graves, 48 Iowa 228; Dutton v. Seevers, 89 Iowa 302, 56 N. W. 398."

So in the case at bar the action of the court in declining to consider this belated motion was correct.

 Complaint is made of the ruling denying appellant's application for order nunc pro tunc granting an extension of time in which to file motion for new trial. This application for extension of time was not made until after the expiration of the time limit for filing motion for new trial and was, therefore, properly overruled.

 But appellant contends that the statutory time for filing the motion for new trial would not run until after the motion for judgment notwithstanding verdict had been ruled upon. Code section 11555 provides that the filing of either of these motions shall not be a waiver of the right to file the other. Neither of these motions was germane to the other, and neither could be considered if filed after the lapse of five days from the verdict. Miller v. Southern Surety Co., 209 Iowa 1221, 229 N. W. 909.

 From the foregoing it appears that no valid motion for new trial having been filed, the appeal must be considered by this court upon the basis of errors, if any, inhering in the ver-

dict or the proceedings prior thereto. No motion for directed verdict or request for instructions was made by appellant, nor were any exceptions taken to the instructions of the court to the jury. Therefore, the question of any possible error of the court in these matters has not been properly raised and cannot be considered by this court. However, we have carefully examined the record and find no errors in the instructions or rulings of the court during the trial.

It is strenuously contended by appellant that there was no evidence to sustain the verdict of the jury and that its findings were contrary to law and fact, and should be set aside. The insuperable obstacle to the consideration of this contention is the failure of appellant to call the same to the attention of the trial court by application for directed verdict, requests for or exceptions to instructions, or timely motion for new trial. Therefore, this matter was not properly presented to the trial court, he was given no opportunity to rule thereon, and no record was made from which we may legally consider this contention. This proposition is well settled by numerous decisions among which is the case of Schulte v. Railway Co., 124 Iowa 191, loc. cit. 194, 99 N. W. 714, loc. cit. 716:

"As the insufficiency of the evidence to support the verdict is a matter on which the trial court can rule only under a motion to grant a new trial, and as this court will not interfere with the discretion of the lower court in making such ruling unless such discretion is improperly exercised, we think that such matter cannot be presented to this court in the first instance on an appeal. In cases tried to a jury this court has jurisdiction only to correct errors of law committed by the trial court. It has no jurisdiction to correct findings of fact made by the jury. Constitution, article V, section 4. As there was in this case no motion for a new trial properly presented to the lower court, we cannot consider the question whether the evidence was sufficient to sustain the verdict."

Some other cases in point upon this proposition are Brayton v. Boone, 19 Iowa 506; Hartman v. Red Ball Transportation Co., 211 Iowa 64, 233 N. W. 23; Hooker v. Chittenden, 106 Iowa 321, 76 N. W. 706.

Finding no error in the case it is affirmed.—Affirmed.

Chief Justice and all Justices concur.