[No. 32402. Department One. October 21, 1953.]

JOE E. EARL et al., Appellants, v. S. A. GEFTAX et al., Respondents.[1]

*Chavelle & Millard,* for appellants.

*Riddell, Riddell & Williams,* for respondents.

[1]Reported in 262 P. (2d) 183.

PER CURIAM.—This is an action in fraud to rescind the sale of a half interest in a furniture store. On June 19, 1952, at the conclusion of the trial, the court orally announced that it would grant a judgment for the plaintiffs in the amount of seven thousand dollars. No findings of fact and conclusions of law or judgment were ever entered in conformity with the oral decision.

The respondents interposed a motion for a new trial or for judgment notwithstanding the oral decision, and supported it by affidavits, to which appellants objected. Appellants declined respondents' offer to afford them an opportunity for cross-examination about them. After considering the motion, the trial court changed its mind and entered a judgment for respondents.

Appellants did not move for a new trial, but appealed from the judgment, and make the contention that:

"The Trial Court's first oral decision was correct, and the Trial Court should be ordered to enter judgment for the plaintiffs as indicated therein."

No other relief is sought.

Appellant's assignments of error assert irregularities in receiving and considering evidence in the form of affidavits, after the conclusion of the trial without reopening the case.

Assuming, without deciding, that error was committed in this regard, nevertheless this court cannot give appellants the relief sought.

■ An oral decision is not a judgment. *Fogelquist v. Meyer,* 142 Wash. 478, 253 Pac. 794; *Lasell v. Beck,* 34 Wn. (2d) 211, 208 P. (2d) 139. The trial court can freely change its mind until a formal judgment is entered. *State v. Goard,* 32 Wn. (2d) 705, 203 P. (2d) 355; *Lasell v. Beck, supra.*

■ Appellants did not move for a new trial below, and did not and cannot ask for one here for the first time. *Vermont Farm Machine Co. v. Lamka,* 94 Wash. 622, 162 Pac. 984; *Corbaley v. Pierce County,* 192 Wash. 688, 74 P. (2d) 993. That form of relief is, therefore, not available to appellants.

■ Appellants make no assignments of error directed

to the findings of fact and conclusions of law. We must, therefore, assume that they are supported by the record. *State ex rel. Schoblom v. Anacortes Veneer, Inc.*, 42 Wn. (2d) 338, 255 P. (2d) 379; *Paulson v. Higgins, ante* p. 81, 260 P. (2d) 318. They support the judgment. We do not reach the merits on the record before us on appeal.

The judgment is affirmed.