[No. 32714. Department One. April 29, 1954.]

ROSE M. CARNS, *Appellant*, v. BOYD SHIRLEY *et al.,*
*Respondents.*[1]

*Muscek & Adams*, for appellant.

*Crippen & Flynn*, for respondents.

FINLEY, J.—This is an action under our unlawful detainer
statutes (RCW 59.12.030 *et seq.*) by plaintiff-lessor Carns
against defendants-lessees Mr. and Mrs. Shirley, seeking
restitution of certain demised premises and an increase in
rental therefor during the period of an alleged unlawful
detainer. The case was tried without a jury. The trial court
entered findings, conclusions, and judgment in favor of
defendants-lessees, dismissing the complaint of plaintiff-
lessor. This appeal followed.

On May 29, 1944, Rose Carns and her husband, Robert
Carns (now deceased), leased certain premises to Mr. and
Mrs. Shirley for a term of six years and four months, ending
September 30, 1950, at a monthly rental of thirty-five dol-
lars for three lots, and one dollar per month for two other
lots, with an option to lessees to purchase the latter-men-
tioned two lots at a stated price. Subsequently, lessees pur-

[1]Reported in 269 P. (2d) 804.

chased the two lots, and, during the month of August, 1945, the lease was amended by agreement of the parties to provide that the lessees could erect a certain building, at the lessor's expense, on one of the "three" lots owned by lessors, and that the cost of the building would be paid by an increase in the lessees' regular monthly rental payments from the sum of thirty-five dollars to the sum of eighty dollars. Incidentally, the premises involved in this litigation were used by the lessees in the conduct of their automobile sales and repair agency, known as the Boyd Motor Company, at 8223 Pacific avenue, Tacoma, Washington. On or about December 12, 1949, approximately nine months prior to the expiration of the lease, the lessees, Mr. and Mrs. Shirley, paid the sum of two hundred fifty dollars to Mrs. Carns for application on the cost of installation of certain ornamental street lights which were to be installed on the leased premises.

As indicated heretofore, the lease expired by its own terms on September 30, 1950. It contained a clause which gave the lessees the right to renew the lease at the same rental for a period of ten years, provided that notice of renewal was given to the lessors at least ninety days prior to the expiration date.

Mr. Shirley testified that he consulted his attorney regarding renewal of the lease. Both Mr. Shirley and his attorney testified that the latter telephoned Mrs. Shirley and dictated instructions for a letter to be written to Mrs. Carns. Mrs. Shirley testified that, pursuant to the telephone call, she typed a letter to Mrs. Carns. Mr. and Mrs. Shirley testified that they regularly paid their rent by mail; that, on May 5, 1950, they mailed a letter, giving notice of their election to renew their lease, to Rose Carns at her then address (apartment No. 505, Cambridge Apartments, Tacoma, Washington). A copy of the letter was introduced in evidence. Mrs. Carns testified that she was occupying apartment No. 505 at the Cambridge Apartments on May 5, 1950, where she had a mail box with a lock on it; that she had never experienced any difficulty receiving mail addressed to her there, *but that she did not receive the letter in ques-*

*tion* from the Shirleys relative to renewal of the lease. The record shows that rental payments of eighty dollars a month were mailed regularly by the Shirleys after May 5, 1950, as previously, and were accepted by Mrs. Carns until December 1, 1951. In November, 1951, Mrs. Carns, through her attorney, wrote a letter notifying Mr. Shirley that his rent would be two hundred fifty dollars per month, beginning on December 1, 1951. Thereafter, the lessees continued to tender rental at the rate of eighty dollars per month, which Mrs. Carns refused to accept. The instant unlawful detainer action was commenced by Mrs. Carns on February 26, 1952.

The trial court's finding of fact No. VII reads as follows:

"That more than ninety (90) days before the expiration of said Lease, to-wit: on May 5th of 1950, the defendant, BOYD SHIRLEY did by letter, notify the plaintiff lessor of the exercising of his option to renew said lease for a period of an additional ten (10) years, to-wit, until the 30th day of September, 1960, and that the plaintiff, ROSE M. CARNS, duly received such notice through the mails in the normal course of events."

The trial court's finding of fact No. IX reads as follows:

"That thereafter the defendants did continue to pay the rent as specified in the modified Lease Agreement, and the plaintiff continued to accept without comment until December 1st, 1951, a period of nineteen (19) months after the option to continue the Lease had been exercised, and a period of some fifteen (15) months after the Lease would otherwise have been terminated. That in June of 1951, some twelve (12) months after the option had been exercised, at a conference between the parties, Mrs. Carns told the defendant, Mr. Shirley, that she needed more income from the leased property, or that she would have to sell the same. No mention of the Lease was made at such time, or in any way did she indicate that she had a right to evict Mr. Shirley."

The precise question presented for decision on this appeal is whether the evidence supports or clearly preponderates against the trial court's finding that Mrs. Carns duly received notice of renewal of the lease "through the mails in the normal course of events."

Mrs. Carns, lessor-appellant, assigns error to the above findings of the trial court and to the conclusion of the trial court that the action of respondents constituted a renewal of lease; error is also assigned to the denial of certain trial motions and to the entry of judgment in favor of respondents. On this appeal, the lessees assert and the lessor concedes that the basic question involved is a factual one, namely, whether or not the conditions of the lease as to a renewal thereof were complied with by the lessees. We agree that this is the crux of the matter.

■ The evidence supporting the finding of the trial court that Mrs. Carns received notice of the renewal of the lease is circumstantial. It is outlined above, and no purpose would be served by repetition here. In conflict with the circumstantial evidence supporting the findings of the trial court, Mrs. Carns testified *flatly* that she did not receive the letter in question. It is quite apparent that the trial court believed that Mrs. Carns was mistaken, that she had forgotten, or that she was not telling the truth; and he relied upon the circumstantial evidence referred to above in making his decision in favor of the Shirleys. The trial court had a right to do this.

In *Kelly v. Valley Constr. Co.*, 43 Wn. (2d) 679, 262 P. (2d) 970, we said:

"We cannot say, in the face of the conflicting testimony directed to practically every issue, large or small, joined in the action, that the evidence preponderates against the findings of the trial court."

And in *In re Dand's Estate*, 41 Wn. (2d) 158, 247 P. (2d) 1016, we said:

"The record is replete with detailed evidence, inconsistent and conflicting upon most material issues. It would add nothing to the case authority of this jurisdiction to discuss it at length.

"This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court. The respondents are entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court. Two different

theories were presented. The trial court rejected one and accepted the other. After an examination of the record, we cannot say that the evidence preponderates against the findings."

In assignment No. 10, appellant urges that the trial court erred:

"In making certain *oral findings of fact* on the date of trial, at the conclusion of the evidence, only to make *directly contradictory* findings in its Memorandum Decision, some eleven months later."

 In this connection, we need only point out that the trial judge had the right to change his mind at any time prior to the actual entry of findings of fact, conclusions of law, and judgment. In *Earl v. Geftax,* 43 Wn. (2d) 529, 262 P. (2d) 183, we said:

"An oral decision is not a judgment. [Citing cases.] The trial court can freely change its mind until a formal judgment is entered."

 In conclusion, we point out that the evidence in this case is conflicting. It does not clearly preponderate against the trial court's findings Nos. VII and IX, quoted in full hereinabove; consequently, these findings will not be overruled. The evidence and the findings just mentioned support the conclusions of law and the judgment entered by the trial court. The judgment is in all respects affirmed.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.