FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAR -3 AM 10: 23



IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) ) | NO. 69250-0-I |
| V.L.C-P., | ) ) | DIVISION ONE |
| A Minor Child. | ) ) | |
| CHAD CLARK, | ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) | |
| v. | ) ) | FILED: March 3, 2014 |
| ELIZABETH PAGE, | ) ) | |
| Respondent. | ) ) | |

LEACH, C.J. — Chad Clark appeals orders providing for the care and support of his daughter, V.L.C-P. Because his briefs and the incomplete record on appeal are substantial obstacles to our review of his appeal and for the additional reasons set forth below, we affirm.

## FACTS

Clark had a brief relationship with Elizabeth Page in 2008. On June 12, 2009, Page gave birth to a daughter, V.L.C-P. In proceedings to establish parentage, the trial court found Clark was V.L.C-P.'s father. Clark then filed a petition for a parenting plan.

After a three-day trial in November 2011, the trial court made a comprehensive oral ruling on November 17. On August 3, 2012, the trial court

entered findings of fact and conclusions of law on petition for parenting plan and child support order and an order of child support. On October 26, 2012, the trial court entered a parenting plan. The trial court ordered that the child would reside a majority of the time with Page but allowed for time with Clark on alternating weekends and certain alternating weekdays. The court also imputed income to Clark and ordered him to pay child support.

Clark appeals.

## ANALYSIS

The law does not distinguish between litigants who elect to proceed pro se and those who seek assistance of counsel.[1] Both must comply with applicable procedural rules, and failure to do so may preclude review.[2] This court generally will not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis.[3] Also, the appellant has the burden to provide a record sufficient to review the issues raised on appeal.[4]

With few exceptions, Clark has failed to comply with these requirements. He has not provided any transcripts of the three-day trial and has designated no

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] Olson, 69 Wn. App. at 626; State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[3] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficient argument); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record), aff'd, 115 Wn.2d 60, 794 P.2d 850 (1990); RAP 10.3(a).

[4] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

trial exhibits for review. Instead, he has provided transcripts of the trial court's oral ruling and four additional hearings regarding the presentation and approval of the final written orders. He lists 28 assignments of error, the majority of which highlight alleged inconsistencies between the trial court's oral statements and the final written orders. Clark's briefing contains limited citation to authority, inaccurate interpretations of the applicable standards of review, and no meaningful legal analysis. In sum, these deficiencies present substantial obstacles to our consideration of Clark's appeal. Nevertheless, to the extent possible, we address the essence of his claims.

Clark challenges the findings of fact and conclusions of law, the support order, and the parenting plan. We review the trial court's findings of fact and conclusions of law to determine whether substantial evidence supports the findings and, if so, whether the findings support the trial court's conclusions.[5] We review a trial court's decisions on an order of child support and on the provisions of a parenting plan for an abuse of discretion.[6] A trial court abuses its discretion if the decision rests on unreasonable or untenable grounds.[7] A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis.[8]

---

[5] Sunnyside Valley Irrigation Dist. v. Dickie, 111 Wn. App. 209, 214, 43 P.3d 1277 (2002).

[6] State ex rel. M.M.G. v. Graham, 159 Wn.2d 623, 632, 152 P.3d 1005 (2007); In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997).

[7] Graham, 159 Wn.2d at 633.

[8] Dix v. ICT Grp., Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

Clark challenges findings of fact describing (1) his relationship with Page, (2) Page as V.L.C-P.'s preferred caregiver, (3) the existence and sources of conflict between Clark and Page, (4) V.L.C-P.'s difficulties with transitions from visits, and (5) the need for increases in Clark's time with V.L.C-P. to be based on her development and age. Clark argues that these findings are not supported by substantial evidence and that the trial court ignored the contrary evidence that he presented at trial. But in order to properly challenge findings of fact on appeal, Clark must demonstrate "why specific findings of the trial court are not supported by the evidence and [must] cite to the record to support that argument."[9] Because Clark has failed to provide a record of the evidence presented at trial and to properly support his claims of error with argument based on evidence in the trial record, the challenged findings must be treated as verities.

Clark also assigns error to a finding referring to a parenting plan "signed by the court on 6-29-12." No parenting plan entered on June 29, 2012, appears in the record before this court.[10] But Clark fails to identify any authority justifying his requested relief of reversal for what appears to be a clerical error. Clark also challenges the statement in ¶2.10(2) that "Clark filed a contempt motion, concerning make up [sic] time and did not prevail." He has provided the contempt order and argues that he prevailed because Page was ordered to

---

[9] In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998); In re Estate of Palmer, 145 Wn. App. 249, 264-65, 187 P.3d 758 (2008).

[10] Clark has assigned error to the court's final parenting plan entered on October 26, 2012.

provide makeup time. But the order also indicates that the trial court found that Page was not in contempt. Again, Clark fails to articulate any grounds for relief.

Next, Clark challenges the court's conclusions that (1) a parenting plan consistent with Whatcom County Residential Guidelines should be entered, (2) the plan will address the high level of parental conflict, and (3) the court should adopt the child support worksheet reflecting the incomes of the parties and enter a final child support order. Clark contends that the final parenting plan is not consistent with the guidelines and does not address conflict or provide him with a remedy for conflict caused by Page and that the support worksheet does not reflect his actual income and creates a severe strain on his financial position. But Clark misapprehends the conclusions. Based on its findings of fact, the court properly concluded that a parenting plan and support order should be entered. Clark's dissatisfaction with the orders ultimately entered does not establish error in the identified conclusions of law.

Assigning error to the child support order, Clark claims the trial court improperly (1) imputed income and listed it on the wrong line of the worksheet; (2) considered his rental income and failed to consider his mortgage expenses; (3) delayed setting the new lower transfer payment between November 2011 and June 2012, resulting in overpayment; (4) failed to resolve the dispute over postsecondary educational support rather than reserving the right to request it; and (5) ordered Clark to pay a proportional share of day-care and educational expenses not included in the transfer payment. Again, because Clark has not

provided a record of the evidence considered by the court at trial, he fails to establish any abuse of discretion in the trial court's determinations in the child support order.[11]

Similarly, Clark claims the trial court abused its discretion in the parenting plan by (1) eliminating weekly contact by imposing alternating weekend and weekday visits, contrary to the best interests of the child; (2) contradicting oral rulings regarding adjustments for work schedules and vacation and Christmas schedules; and (3) adopting language proposed by Page without explicit rulings on certain matters such as a two-week limit on arranging makeup time for schedule changes. Clark makes clear his disagreement with the trial court's exercise of its discretion when it determined various details of the parenting plan. But Clark fails to offer any relevant authority or cogent legal analysis to demonstrate any abuse of that discretion. And Clark cannot establish error by relying on his own interpretations of the trial court's oral rulings. An oral decision by a trial court is not the same as a judgment; the court is free to change its determinations until formal judgment is entered.[12] Clark fails to establish reversible error in the orders he challenges.

---

[11] Given Clark's admission that he was not working full time and was receiving rent from roommates, it appears that the trial court had grounds to impute income and include rent. See RCW 26.19.071(3)(u) (rent included in gross monthly income); RCW 26.19.071(6) (court shall impute income when parent is voluntarily underemployed).

[12] Earl v. Geftax, 43 Wn.2d 529, 530, 262 P.2d 183 (1953); Fosbre v. State, 70 Wn.2d 578, 584, 424 P.2d 901 (1967).

Page requests an award of attorney fees under RCW 26.09.140. But the plain language of chapter 26.09 RCW applies to the "dissolution of marriage."[13] Because Clark and Page were not married, Page is not entitled to an award of fees under RCW 26.09.140. Although a court may "order that all or a portion of a party's reasonable attorney's fees be paid by another party" in a parentage action under RCW 26.26.140, we exercise our discretion and deny Page's request for fees in this case.[14]

Affirmed.

_Leach, C.J._

WE CONCUR:

_Appelwick, J._      _Becker, J._

---

[13] See, e.g., Foster v. Thilges, 61 Wn. App. 880, 887-88, 812 P.2d 523 (1991) (parties to committed intimate relationships are not entitled to fees under RCW 26.09.140 because statute grants attorney fees only where there has been marital relationship between the parties).

[14] RCW 26.26.140; In re Parentage of Q.A.L., 146 Wn. App. 631, 638, 191 P.3d 934 (2008).