IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 70728-1-I |
| TIMOTHY D. JOHNSTONE, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| DEE ANN MARIE JOHNSTONE, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 31, 2014 |

SCHINDLER, J. — Dee Ann Marie Johnstone appeals entry of the final parenting plan and order of child support. Dee Ann contends the decision to allow equal residential time and joint decision-making with the father is inconsistent with the imposition of restrictions under RCW 26.09.191(3).[1] Dee Ann also contends that the court should have imputed income to the father and erred in denying her request for attorney fees. We affirm in all respects.

Dee Ann and Timothy D. Johnstone married in 1998. Dee Ann and Timothy have two children, 15-year-old T.J. and 11-year-old A.J. The couple separated in 2012. Following a week-long trial, the trial court entered findings of fact and conclusions of law, a decree of dissolution, and a final parenting plan and order of child support.

---

[1] We refer to the parties by their first names for purposes of clarity and mean no disrespect by doing so.

Based on the evidence at trial, the court concluded that while each parent had shortcomings, Dee Ann and Timothy had equally strong relationships with the children, the children were relatively well adjusted, and the children were thriving under the care of both parents. Accordingly, the parenting plan gives each parent equal residential time with the children on a schedule of alternating weeks. The parenting plan states major decisions regarding education, nonemergency health care, and religious upbringing are to be made jointly. The parenting plan designates Timothy as the custodian "solely for purposes of state and federal statutes which require a designation or determination of custody." See RCW 26.09.285.

The court also imposed restrictions under RCW 26.09.191(3)(c) to address Timothy's untreated alcoholism. The parenting plan states, in pertinent part, "The father in this case is an alcoholic. He has been an alcoholic most of his life. He claims to have stopped drinking sometime in 2009. I find that he is an untreated alcoholic."[2] The parenting plan requires Timothy to obtain a drug and alcohol evaluation and sets forth specific requirements for the evaluation. If the evaluation reveals a current drug or alcohol problem, Timothy is required to enroll in treatment that includes random urinalysis and Alcoholics Anonymous attendance. The parenting plan also states that Dee Ann may require Timothy to have urinalysis testing at any time, and that a single failed test shall be sufficient basis for modifying the parenting plan. The parenting plan states that failure to comply with any of the court's imposed conditions "will be a basis for a finding of adequate cause with resultant possible reduced and supervised time with the children."

---

[2] (Internal quotation marks omitted.)

2

With respect to child support, based on the parents' combined monthly income of $5,912 and the ages and number of children, the court determined that the presumptive obligation for the two children was $1,475,[3] and Dee Ann was responsible for approximately 59 percent or $876 per month, and Timothy was responsible for 41 percent or $599 per month.[4] However, based on the residential schedule, the court granted Dee Ann's request for a downward deviation and reduced her monthly obligation to $676.[5] The court denied Dee Ann's request for an award of attorney fees.

Dee Ann filed a motion to reconsider the parenting plan, the amount of child support, the ruling regarding the sale of the family home, and her request for attorney fees. The court granted the motion with respect to disposition of the home but otherwise denied the motion for reconsideration. Dee Ann appeals.

Parenting Plan

Dee Ann argues the court abused its discretion by failing to award her "full and primary custody with full decision making and with supervised visits for the father." Dee Ann's argument is largely premised on remarks made by the court in its oral ruling. Dee Ann claims the court found that Timothy lacked credibility, consistently lied, and engaged in "extensive abusive use of conflict." Dee Ann contends the court's decision to allow a shared custody schedule and joint decision making is inconsistent with the imposition of restrictions under RCW 26.09.191 and the court's oral findings.

As a general rule, we review the final order, not the oral ruling. The oral ruling has "no final or binding effect, unless formally incorporated into the findings,

---

[3] See RCW 26.19.011(1); RCW 26.19.020.
[4] See RCW 26.19.080(1).
[5] See RCW 26.19.075(d).

3

conclusions, and judgment." Ferree v. Doric Co., 62 Wn.2d 561, 567, 383 P.2d 900 (1963); Earl v. Geftax, 43 Wn.2d 529, 530, 262 P.2d 183 (1953); Fosbre v. State, 70 Wn.2d 578, 584, 424 P.2d 901 (1967).

Further, here, the court expressly crossed out the findings Dee Ann relies on in the final parenting plan.[6] The final parenting plan contains no findings about abusive use of conflict, Timothy's general credibility, or his propensity to lie. The only credibility finding made by the court in the parenting plan pertains to the type of alcohol evaluation the court ordered. The court required Timothy to obtain a current evaluation that does not rely solely on self-reporting, noting "multiple problems" with prior evaluations submitted by Timothy, including his "history of falsifying information" on evaluations.[7]

Unlike RCW 26.09.191(1) and (2), the imposition of restrictions under RCW 26.09.191(3) did not require the court to limit the father's residential time or decision-making authority, or impose supervised visitation. The statute permits, but does not mandate, specific restrictions or limitations based on a finding of impairment under RCW 26.09.191(3)(c). The statute provides, in relevant part, "A parent's involvement or

---

[6] The crossed-out findings state:

The history here is that up to 2009, you were a lousy father. You were narcissistic. You were controlling. You essentially abused your family although you never put a finger on anyone. Everything that happened to these kids and that they observed and to your ex-wife, is a result of your drinking (up to 2009).

(Internal quotations omitted.)

[7] (Internal quotations omitted.) To the extent Dee Ann attempts to challenge some of the written findings in the parenting plan as unsupported by the evidence, we are unable to review her claims. In her reply brief, Dee Ann claims the evidence presented at trial is not necessary to our review because her argument is that the court's findings do not support its decision. We reject Dee Ann's attempt to recharacterize her argument. A party challenging findings has the burden of including in the appellate record all evidence relevant to the disputed finding. RAP 9.2(b). Failure to provide an adequate record "precludes review of the alleged errors." Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). Dee Ann has not provided a verbatim report of proceedings for any portion of the week-long trial and has designated only some of the trial exhibits. See In re Parentage & Custody of A.F.J., 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011) (noting ability to evaluate the trial court's findings is compromised where appellant provides incomplete transcripts of witness testimony and no exhibits), aff'd, 179 Wn.2d 179, 314 P.3d 373 (2013).

conduct may have an adverse effect on the child's best interests, and the court may preclude or limit any provisions of the parenting plan" based on certain factors, including "[a] long-term impairment resulting from drug, alcohol, or other substance abuse that interferes with the performance of parenting functions." RCW 26.09.191(3)(c).[8]

Here, the court imposed restrictions on the father under RCW 26.09.191(3)(c) conditioning residential time on his strict compliance with the drug and alcohol evaluation and treatment requirements. But the court ruled that despite concerns regarding Timothy's alcoholism, Timothy should continue to spend equal residential time with his children:

> Father has a few things going for him, too. And that is from the time that the mother had begun to leave the home, and I put that in 2009, he has bonded to his children. He has maintained his children in school. He has taken a role, which is evident by everyone, including the children in their own statements, that indicate he has made efforts to reform his ways.

With respect to Dee Ann, the court stated that in the past, she had been the "primary psychological nurturer." However, in the period leading up to the separation in 2012, Dee Ann gradually "sacrificed some of her more nurturing abilities to leave the home, . . . not only for work issues but also for social issues." The court found that Dee Ann "stabilized herself emotionally, and [the children] paid the price."

In sum, none of the findings in the parenting plan are inconsistent with or preclude the court's decisions regarding residential time, decision making, or custodial designation.

---

[8] (Emphasis added.)

Order of Child Support

Dee Ann claims the court abused its discretion by not imputing income to Timothy because he is voluntarily underemployed. Dee Ann's argument is based on pay stubs Timothy submitted for a four-month period showing that between January and April 2013, he worked less than full-time or approximately 20-25 hours per week.

The court calculates the child support obligation based on the combined monthly income of both parents. In re Marriage of Pollard, 99 Wn. App. 48, 52, 991 P.2d 1201 (2000). Under RCW 26.19.071(6), the court must impute income to a parent who is voluntarily underemployed to prevent the parent from avoiding child support obligations. In re Marriage of Didier, 134 Wn. App. 490, 496, 140 P.3d 607 (2006). The court determines whether a parent is voluntarily underemployed based upon the parent's "work history, education, health, and age, or any other relevant factors." RCW 26.19.071(6).

We review an order of child support, including the decision whether to impute income, for an abuse of discretion. Pollard, 99 Wn. App. at 52. The party challenging a child support order must establish that the decision was based on untenable or manifestly unreasonable grounds. In re Marriage of Curran, 26 Wn. App. 108, 110, 611 P.2d 1350 (1980).

It appears Timothy argued below that his hours vary and generally increase in the summer. Nevertheless, Dee Ann contends the court erred by refusing to impute income to him. The record on appeal is insufficient to evaluate her argument. In the absence of trial testimony or any other information in the record regarding his historical

annual income, we cannot say that the court erred in refusing to find that Timothy is voluntarily underemployed.

Attorney Fees

Dee Ann argues the trial court erred by failing to award her reasonable attorney fees and expenses due to Timothy's intransigence. The decision to award attorney fees is within the trial court's discretion. In re Marriage of Knight, 75 Wn. App. 721, 729, 800 P.2d 71 (1994). The party challenging the trial court's decision bears the burden of proving the court exercised its discretion in a way that was "clearly untenable or manifestly unreasonable." Knight, 75 Wn. App. at 729.

The trial court may award fees under RCW 26.09.140 if the intransigence of one party caused the party seeking a fee award to incur additional legal expenses. In re Marriage of Crosetto, 82 Wn. App. 545, 563-64, 918 P.2d 954 (1996). Intransigent conduct includes "foot-dragging" or obstructionist behavior, repeatedly filing unnecessary motions, or making a trial unduly difficult with increased legal costs. In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Intransigence is established by litigious behavior, bringing excessive motions, or discovery abuses. In re Marriage of Wallace, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002).

Dee Ann contends Timothy's "bad behavior permeated the proceedings." Specifically, Dee Ann claims Timothy lied in sworn documents, in reports to the guardian ad litem, and in trial testimony. But Dee Ann does not allege, much less establish, intransigence. Based on the limited record, it appears the parents did not agree on the equal residential time. Each parent wanted more residential time with the

7

children. Nothing in the record indicates the trial court abused its discretion when it denied Dee Ann's request for attorney fees.

We affirm.

_Schindler, J._

WE CONCUR:

_Spearman, A.C.J._                    _Dwyer, J._

2014 MAR 31 AM 9: 43
COURT OF APPEALS DIV I
STATE OF WASHINGTON