Joseph Schulte v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Personal injury: PRACTICE: MOTION FOR JUDGMENT: WAIVER OF RIGHT
1 TO NEW TRIAL. Where a motion for judgment on the special findings and one for a new trial are filed at the same time, and the motion for judgment is sustained, it is a waiver of the motion for a new trial, and the rule is not altered by the adoption of section 3759 of the Code of 1897.

Sufficiency of evidence: HOW REVIEWED. A question as to the sufficiency of the evidence to support a verdict, must be presented to the trial court on a motion for new trial; it cannot be first raised in the Appellate Court.

Refusal to instruct: REVIEW. The action of the trial court in refusing instructions may be reviewed on appeal, where proper exception was taken, though no motion for new trial was made.

*Appeal from Shelby District Court.*— Hon. N. W. Macy, Judge.

Tuesday, May 10, 1904.

Action to recover damages for injuries received at a railway crossing by reason of the negligence of the employes of the railway company in failing to give signals. There was a verdict for the plaintiff, accompanied by special findings on interrogatories submitted. Thereafter defendant moved for judgment in his favor on the special findings, and at the same time filed a motion for a new trial. The motion for judgment on the special findings was sustained. There was no ruling on the motion for a new trial. On an appeal to this court the judgment based on the special findings was reversed (see 114 Iowa, 89), and the case was remanded. Thereupon plaintiff moved for judgment in his favor on the general verdict, and defendant insisted on a ruling on its motion for new trial. The court refused to rule on the mo-

tion for new trial, and rendered judgment in plaintiff's favor on the general verdict from which judgment defendant appeals.— *Affirmed.*

*Byers & Lockwood* and *J. C. Cook,* for appellant.

*Cullison & Robinson,* for appellee.

McCLAIN, J.— I. The first question presented is whether, after the sustaining of the motion of defendant for judgment on the special findings and the reversal in this court of the judgment entered on such motion, defendant was entitled to have a ruling on his motion for new trial which had been filed in due time, but had not been ruled on. It is settled by the prior holdings of this court (unless the rule has been changed by a new provision in the Code of 1897, to be hereinafter considered) that by taking the ruling on motion for judgment on special verdict or special findings the party against whom the general verdict has been entered waives his right to the ruling on the motion for new trial. In *Pieart v. Chicago, R. I. & P. R. Co.,* 82 Iowa, 148, the rule is thus stated: "We are of the opinion that within the time allowed a party may file his motion for judgment, and also his motion for new trial, to be ruled upon in case the former is overruled. In such case, if the motion for judgment is sustained, that is a waiver of the motion for a new trial; but, if the motion for judgment is overruled, the motion for new trial may be insisted upon, and, if sustained, that is a waiver of any errors in overruling the motion for judgment; but, if both motions are overruled, the moving party has a right to be heard as to both, on appeal." In this holding the court applies the rule previously announced in *Nixon v. Downey,* 49 Iowa, 166, and *Stone v. Hawkeye Ins. Co.,* 68 Iowa, 737.

It is contended, however, for appellant, that by the

*[margin note: 1. PRACTICE: motion for judgment waiver of right to new trial.]*

provision of Code, section 3759, a section first found in the Code of 1897, which went into effect after the decision of the *Pieart Case,* the rule of practice in this respect has been changed. It is provided in that section that: " The filing of either a motion for a new trial, for judgment notwithstanding the verdict, or in arrest of judgment, shall not be a waiver of the right to file either or both of the others, but any such motion shall be filed within the time fixed for the filing of motions for new trials." But we are of the opinion that the motion for judgment notwithstanding the verdict referred to in this section is the motion described in Code, section 3757, which provides that: " Either party may file a motion for judgment in his favor, notwithstanding the fact that a verdict has been returned against him, if the pleadings of the party in whose favor the verdict has been returned omit to aver some material fact or facts necessary to constitute a complete cause of action or defense, the motion clearly pointing out the omission." Where the special findings are inconsistent with the general verdict, " the court may give judgment accordingly, or set aside the verdict and findings, as justice may require." Code, section 3728. But a motion asking the court to render judgment on special findings inconsistent with the general verdict — that is, on the findings treated as a special verdict — would not be a motion for judgment notwithstanding the verdict. If the findings, though inconsistent with the general verdict, are not sufficient to constitute a special verdict such as will support a judgment for the party against whom the general verdict is rendered, then the court would not render judgment thereon, but would set aside the general verdict, because inconsistent with the special findings. It is to be noticed that immediately following section 3759, above quoted, which authorizes the filing of three motions at the same time, is a provision by which the party whose pleading it is alleged is defective, may file an amendment setting up omitted facts, which, if true, would remedy

the alleged defects. Code, section 3760. This provision is expressly made applicable to the three motions referred to in section 3759, and it is evident that the motion for judgment notwithstanding the verdict is a motion based on insufficiency of the allegations in the pleading to support the judgment, and not a motion for judgment on the special findings; for insufficiency of the pleadings could have nothing to do with an inconsistency between the special findings and a general verdict. We reach the conclusion, therefore, that Code, section 3759, has no reference to a motion for judgment on special findings, and that there was no intention in its enactment to change the rule previously announced, by which the party relying on a motion for judgment on special findings, and who succeeds in having the general verdict set aside, thereby waives his motion for new trial.

II. Insufficiency of the evidence to show freedom of plaintiff from contributory negligence is argued; but insufficiency of the evidence to support the verdict is a matter to be raised by motion for new trial under Code, section 3755, paragraph 6. While it is true that a motion for new trial is not necessary to enable the unsuccessful party to secure a review of any order or judgment of the trial court (Code, section 4106), nevertheless it is provided that " a judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court, unless such motion has been there made and overruled." Code, section 4105. As the insufficiency of the evidence to support the verdict is a matter on which the trial court can rule only under a motion to grant a new trial, and as this court will not interfere with the discretion of the lower court in making such ruling unless such discretion is improperly exercised, we think that such matter cannot be presented to this court in the first instance on an appeal. In cases tried to a jury this court has jurisdiction only to correct errors of law committed by the trial court.

2. SUFFICIENCY OF EVIDENCE: how reviewed.

It has no jurisdiction to correct findings of fact made by the jury.  Constitution, article 5, section 4.  As there was in this case no motion for a new trial properly presented to the lower court, we cannot consider the question whether the evidence was sufficient to sustain the verdict.

III.    Error is argued in the action of the trial court in refusing instructions asked, and such error may be presented here on appeal, if the action of the lower court has **3. REFUSAL TO** been properly excepted to, although a motion **INSTRUCT:** **review.** for new trial has not been made.  But the instructions refused related to the bearing of facts not ultimate in their nature or conclusive.  The rule of law as to the effect of the facts as the jury should find them to be was stated in an instruction which is not assailed.  The only contention of appellant is that the jury should have been instructed that certain facts, if found, would conclusively establish contributory negligence.  But we think the facts referred to were for the consideration of the jury.  Counsel rely upon *Bloomfield v. Burlington & N. W. R. Co.*, 74 Iowa, 607, but that was a case where the court was properly determining the sufficiency of the evidence to support a verdict, and not the duty of the court as to instructing the jury.  We think the jury was fully and correctly instructed as to the bearing of the facts relied upon, and that it would not have been proper to tell them that the specific facts referred to in the instructions asked as a matter of law established contributory negligence.—AFFIRMED.