**The People of the State of Illinois, Defendant in Error, v. Noble House, Plaintiff in Error.**

Heard in this court at the May term, 1930. Opinion filed September 22, 1930.

D. F. Moore, for plaintiff in error.

Marion M. Hart, State's Attorney, for defendant in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

Plaintiff in error married Ersie Arnold on November 7, 1928, and a month later a child was born. At the time of the marriage plaintiff in error was 18 years of age. The girl's father testified that he told plaintiff in error he could marry the girl or he would have him put in jail. On the day of the marriage the young people and the girl's mother drove to Princeton, Indiana, at which place they were married. Upon their return to Benton that evening the girl was driving the car and took plaintiff in error to his father's home and she went home with her mother. The record shows that they have never lived together since the marriage.

Mr. Arnold testified that the daughter had always lived at his home and the child is living there since its birth on December 7, 1928. He also testified that plaintiff in error talked to him about taking his wife away and that he would support her; that he told plaintiff in error she was not able to go away and that she should stay home and let her mother take care of her; that plaintiff in error agreed to that and said he would go away and work and send money to help support the child and pay expenses. He also testified that he told plaintiff in error he would support the wife until the child was born and that plaintiff in error said that when she got well he would take her and support her; that he would come and get her as soon as he could.

It was stipulated upon the trial that the child is well provided with clothing, food and shelter by the wife's father, without complaint on his part for doing so.

We find no evidence in the record to the effect that the wife ever expressed any willingness to live with her husband since the marriage. Other than the testimony of her father above mentioned, there is no evidence that plaintiff in error ever requested his wife to bring the child and live with him. There is evidence to the effect that plaintiff in error has no money or property and has never done any work other than to assist his father with the farm work. No one testified that any demand or request was made of plaintiff in error that he should provide support for the child or its mother with the exception that the wife's mother said: "Ersie wrote for money and he said he had made money, but did not have any at the present time." That testimony looks very much like hearsay, and can hardly be construed as a demand or request that plaintiff in error support the child.

The information charged that plaintiff in error on November 7, 1928, unlawfully and without any lawful excuse, did neglect to provide the necessary support and maintenance for his child, said child being then and there in destitute and necessitous circumstances, etc. He was found guilty of that charge and fined $150, the same to be paid to the county clerk for the use of the child, etc.

There can be no question whatever in regard to the law which makes it the duty of plaintiff in error to support his child. He tries to excuse his failure to support the child by saying it is not his child. If he desired to question his paternity he should have done so before the marriage. Whatever he may think in regard to that question he is in no position to raise it now. *Zachmann v. Zachmann,* 201 Ill. 380. He may as well make up his mind that it is his duty to support the child. In view of the whole situation, however, we are not prepared to hold that under the evidence in this record he has been guilty of a criminal offense at this

time. *People v. Honaker,* 281 Ill. 295; *People· v. Waddell,* 247 Ill. App. 255.

In the *Honaker* case, *supra,* the husband was charged with deserting his child and neglecting and refusing to provide for the child who was then and there in. destitute and necessitous circumstances. He was also charged with neglecting and· refusing to provide for the support and maintenance of his wife who was then and there in destitute and necessitous circumstances. He was found guilty of both offenses but the court held that there was no evidence tending to prove him guilty of desertion, the fact being that the child was taken away by his wife. The evidence in that case, as in the case at bar, shows that the wife· and child were dependent for their support and maintenance on her own family. In disposing of the charge that the husband had neglected and refused to provide for the support of his wife, the court said: "It is also an offense to neglect or refuse to provide for the support and maintenance of a wife who is in destitute and necessitous circumstances, and there was no evidence tending to prove that offense. . . . , and there was' no evidence, . . . that the defendant was called upon ·and refused to contribute to her support or the support of the child, although she was dependent for maintenance on her own family, where she had voluntarily gone. Even if there was ample justification for her leaving him, the statutory offense of which he was convicted was not proved."

· In that case it appears that the wife and child were dependent for their support and maintenance on her family and yet the Supreme Court reversed a judgment of conviction and said there was no evidence tending to prove that they were in destitute and necessitous circumstances. Under the law and the evidence we are of the opinion that the judgment must be reversed.

*Reversed.*