**STATE, Plaintiff-Appellee, v. PARKER, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20757. Decided January 12, 1948.

Frank T. Cullitan, Cleveland, for plaintiff-appellee.
W. C. Brownlee, for defendant-appellant.

286

## OPINION

By SKEEL, J.

This action comes to this court on appeal on questions of law from a final order of the Juvenile Court of Cuyahoga County, overruling a motion to vacate a judgment finding the defendant guilty of failing to support an illegitimate minor child.

The defendant on December 11, 1946, had been found guilty under §1639-46 GC, as amended effective January 1, 1946, for non-support of an illegitimate minor child of which he was alleged to be the father.

The record discloses that the basis upon which the defendant claimed the right to have said judgment vacated was upon "Newly discovered evidence."

Both the prosecuting witness and the defendant were married but at the time this action was begun or at any time prior thereto, did not bear the relationship of husband and wife.

The evidence which defendant claims as newly discovered is the birth certificate of the claimed illegitimate child "Joyce Matthews" for whose support this action was brought. The birth certificate filed with the Bureau of Vital Statistics by the attending physician shows that Robert Matthews, the complaining witness's husband, was the father of said child. It is the claim of the defendant that he did not know about this birth certificate until after he was adjudged guilty.

It must be evident that if such evidence had been available and used upon the trial of the defendant it is of such a vital character as in all reasonable probability would have materially affected the outcome of the trial. The failure of the court to grant such motion upon the uncontradicted evidence of the contents of the birth certificate, constituted an abuse of discretion prejudicial to the rights of the defendant.

One other question is presented by the record. **Sec. 1639-26 GC** provides as follows:

"Whoever is charged by law with the care, support maintenance or education of a legitimate or illegitimate child under eighteen years of age * * * upon complaint filed in a court exercising the jurisdiction conferred in this chapter, may be,

after trial and conviction sentenced and imprisoned for not more than one year or less than six months or fined not more than five hundred dollars * * *."

Sec. 1639-16 GC as amended effective January 1, 1946, provides in part:

"(Juvenile) court shall have exclusive original jurisdiction under this chapter or under other provisions of the General Code * * * (3) To determine the parentage of any child alleged to be born out of wedlock and to provide for the support of such child, subject to the concurrent jurisdiction of other courts as provided by law. * * *"

The affidavit filed by the complaining witness, charged that "one Frank Parker, the father of Joyce Matthews, an illegitimate child under the age of eighteen years, to-wit, of the age of 17 months, did unlawfully fail and neglect and refused to care for, support and educate the said child, he, the said Frank Parker, well knowing the said Joyce Matthews to be such child * * *."

It will be noticed that the affidavit fails to charge that the defendant had ever been adjudged by any court of competent jurisdiction to be the father of such illegitimate child. Until such fact has been judicially determined, the defendant could not be charged for non-support under §1639-46 GC supra, because one of the elements of the crime, as defined by this section, is that the person prosecuted thereunder must be one who is "charged by law" to be the father of an illegitimate child under eighteen years of age. The affidavit therefore does not state a cause of action against the defendant.

The final order of the court overruling the defendant's motion to vacate the judgment of guilty and ordering the support of said minor child, is therefore reversed and the cause is remanded with instructions to grant such motion to vacate said judgment of guilty and for further proceedings according to law.

HURD, PJ, MORGAN, J, concur.