DONNA JEAN DALE, by her next friend, MILDRED STEWART, appellee, v. BILLY EUGENE BUCKINGHAM, appellant.

No. 47475.

(Reported in 40 N.W. 2d 45)

DECEMBER 13, 1949.

Life & Davis, of Oskaloosa, for appellant.

L. R. Carson, of Oskaloosa, for appellee.

HALE, J.—Complainant is hereinafter designated as plaintiff. The child in question was born June 13, 1948, the son of an unmarried female, Donna Jean Dale, who was fifteen years of age on February 2, 1948. The complaint in this action was filed April 28, 1948, and defendant filed answer on May 17, 1948, denying paternity. The case was assigned for trial on November 8, 1948, at two p.m.

On November 8, 1948, at 10:55 a.m., defendant filed an application asking that the court require the plaintiff to submit herself and her said child to a physician or physicians for the purpose of blood-type tests, such physician or physicians to be designated by the court. This application was brought to the attention of the court at eleven a.m. on the same day the case was assigned for trial, and application denied by the court.

The only medical testimony introduced on trial was that of Dr. Perkins, who was in attendance at the birth of the child on June 13, 1948. While the child was a full-term baby, about the average weight of a boy baby, the physician was unable to state

when conception took place, but gave the opinion that the approximate date was September 15, 1947; that the period was variable and might be a few days ahead of the allotted time; that two weeks might be the variation; and that the conception probably occurred during September but not before then.

The contentions of the defendant herein are the errors of the court: First, by refusing defendant's application to the court to order an examination of plaintiff and the child by a physician in order to determine the type of blood of each; second, the court's refusal to require the plaintiff to answer the question as to her willingness to submit to such tests; and third, the insufficiency of plaintiff's evidence.

I. It is not necessary to go into an extended discussion of the value of such tests. The question has not arisen in this state, but has been considered in many cases throughout the country. In a number of states these tests are made admissible by statute, and in the case of Shanks v. State of Maryland, 1945, 185 Md. 437, 45 A. 2d 85, in the annotations found in 163 A.L.R. 931, beginning on page 932, there is therein set out quite fully an explanation and history of the tests.

The admissibility of evidence as to blood tests in some cases is held to be discretionary. State v. Damm, 62 S. D. 123, 252 N.W. 7, 104 A.L.R. 430, and on rehearing, 64 S. D. 309, 266 N.W. 667, 104 A.L.R. 441; Arais v. Kalensnikoff, 10 Cal. 2d 428, 74 P. 2d 1043, 115 A.L.R. 163, and cases heretofore cited in 163 A.L.R. 931.

The question is: Can the court order a compulsory test? The defendant argues that the court can do so, and that by virtue of rule 132, R.C.P., the court is authorized to order involuntary tests. The rule reads:

"The court may, in its discretion, proceeding as in Rules 126 and 129, order a physician to examine as to any physical or mental condition of a party which is in controversy in the action. The order shall specify the scope, time, place and manner of the examination and name the examiner. The party examined may have any representative present throughout any such examination."

That is substantially rule 35(a) (Title 28 U.S.C. 3301) of

the Federal Rules of Civil Procedure. The principle of personal examination in civil actions is not new in this state. See Schroeder v. Chicago, R. I. & P. R. Co., 1877, 47 Iowa 375, but it will be noticed that the rule provides that the court may, *in its discretion,* order the examination as provided in the rules.

II. Assuming that the view of the defendant as to the application of rule 132 is correct, still by the wording of that rule the court has a discretion in the matter. Therefore, to find error in the court's ruling it would be necessary to find that the court had abused its discretion in making the order it did, but there was no showing by the defendant in the record as to the value and necessity, or at least desirability of the tests. In this case the record is devoid of any evidence whatever showing general scientific recognition of the value of these tests. No expert testimony was introduced. The necessity for some such showing would seem necessary as to those tests whose value is not so generally recognized. Nor was it shown that at the present time the tests are of sufficient general acceptance for general scientific recognition as to be a matter of which the court would take judicial notice. We are not prepared to say that the record presents an abuse of discretion on the part of the trial court. See the recent case of People v. Morse, June 27, 1949, 325 Mich. 270, 38 N.W. 2d 322, with cases cited.

The trial court no doubt also considered the lateness of the request for the tests. As stated, the application was not filed until 10:55 of the morning of November 8, when the case had been set for trial at two o'clock that afternoon. The application was brought to the attention of the court only three hours before the time assigned for trial. On this short notice neither the plaintiff could be expected to prepare, nor the court to rule, when the complaint had been on file since April 28 and defendant's answer had been on file since May 17. There had been ample time for whatever preliminary motions were necessary. The ruling of the court which refused the application states the nature of the order requesting, and that defendant states that "such a blood test can be made by a competent expert within the next twenty-four hours." Considering the nature and circumstances of the application we see no reason to find any abuse of discretion. There was no error in the ruling of the court. It necessarily follows that the ruling

of the court on the application disposed of the alleged error of the court in sustaining plaintiff's objection to defendant's inquiry of the plaintiff as to her willingness to submit to the tests. The ruling of the court in this respect was without error.

III. An assignment of error made by the defendant is the insufficiency of plaintiff's evidence to establish the allegations of her petition. We find no error here. Plaintiff's testimony consisted of statements of herself, her neighbors, friends, and relatives as to the association between herself and defendant, and evidence of conversations between the defendant and plaintiff's relatives. The plaintiff's testimony was sufficient to take the case to the jury. Of course the statements were disputed and evidence given by the defendant as to plaintiff's own statements in relation to her association with other men, all of which were met with denial on her part. Applying the evidence most favorably to the successful party, the jury could find that the plaintiff's evidence fully established the facts necessary to recovery. She was an unmarried girl during the months of June, July, August and September, 1947; fourteen years of age; was acquainted with the defendant and began keeping steady company with the defendant in the month of September, and during such time as under the testimony conception could have taken place. She saw defendant two or three times a week until November, and she testified that through their association he became the father of her child. There was testimony given which sustained such allegations and there is no error in that respect.

We have reviewed the facts which would support our holding as to sufficiency of evidence, but we also call attention to the fact that the record does not show that this question was submitted to the trial court. Failure to present the question in the lower court would prevent our ruling on it here. For this reason, and on the facts, the defendant's objection is not valid. See Schulte v. Chicago, M. & St. P. Ry. Co., 124 Iowa 191, 99 N.W. 714; In re Estate of Larimer, 225 Iowa 1067, 283 N.W. 430.

For the reasons given we hold that the cause must be and is affirmed.—Affirmed.

All JUSTICES concur.