The State of Ohio, Appellee, v. Medley, Appellant.

(No. 564—Decided March 9, 1960.

Mr. R. K. Wilson, for appellee.
Mr. R. E. Boller, for appellant.

Wiseman, P. J.   This is an appeal on questions of law from the judgment of the Court of Common Pleas of Miami County, affirming a judgment of conviction by the Municipal Court of Piqua in a criminal case in which the defendant was charged with nonsupport of his two illegitimate children under the age of 16 years.

The affidavit was filed under Section 2903.08, Revised Code, which in part provides:

"No person * * * being the parent * * * of a child under the age of sixteen years shall * * * willfully or negligently fail to furnish him necessary and proper food, clothing, or shelter."

The affidavit was filed March 1, 1957.   The defendant having entered a plea of not guilty, the cause was tried to the court without the intervention of a jury.   ·The court found the "defendant guilty as he stands charged in said affidavit."   An appeal was taken to the Common Pleas Court, which affirmed the judgment.

The evidence shows that the complainant and the defendant were never married and that no bastardy proceeding had ever been instituted.   There was substantial evidence supporting the charge that the defendant was the father of the children.

The errors assigned are:   That the Piqua Municipal Court

had no jurisdiction; that "the verdict of the court" was against the weight of the evidence; that the action of the trial court was prejudicial to the defendant; and that the law was not properly applied to the facts.

We have no difficulty in resolving all errors assigned in favor of the state. The only question raised which merits discussion is whether the Piqua Municipal Court had jurisdiction. The Municipal Court has jurisdiction in criminal proceedings in which the offense charged is a misdemeanor. Section 1901.20, Revised Code, in part provides: "The Municipal Court has jurisdiction * * * of any misdemeanor committed within the limits of its territory. In all such prosecutions and cases, the court shall proceed to a final determination thereof." Without question, the offense charged under Section 2903.08, Revised Code, was a misdemeanor.

The defendant contends that the Municipal Court had no jurisdiction on the ground that there was no evidence establishing the paternity of the children by a bastardy proceeding or otherwise, and that since the Municipal Court had no authority to determine the paternity in a bastardy proceeding, it could not proceed to a determination of the nonsupport charge which was necessarily based on a finding that the defendant was the father of the children. The defendant further contends that the question of the paternity of the children can only be determined in a bastardy proceeding, and that the Juvenile Court is given exclusive jurisdiction to make a final determination in such matters, citing Section 3111.08, Revised Code, and related sections. That the Juvenile Court or Court of Common Pleas has exclusive jurisdiction to make a final determination in bastardy proceedings is conceded. See Section 3111.08, Revised Code. However, the question raised cannot be so easily resolved. Prior to the 1941 amendment to Section 12123, General Code (now Section 3111.17, Revised Code), it was held that a proceeding in bastardy was not conclusive; that an independent action may be brought for nonsupport, in which the proceeding in bastardy was not admissible as evidence. We first discuss the case law in Ohio on the subject.

A bastardy proceeding is brought by an individual and, although quasi criminal, the action is essentially civil in nature.

7 Ohio Jurisprudence (2d), 440, Section 4. The nonsupport action is criminal in nature and prosecuted in the name of the state.

In *State* v. *Schwartz*, 137 Ohio St., 371, 30 N. E. (2d), 551, the first paragraph of the syllabus is as follows:

"An adjudication in a bastardy proceeding is not conclusive upon the state unless expressly made so by statute, and the state has the power to prosecute criminal proceedings for nonsupport of an illegitimate child at any time, before, after and independently of an adjudication in a bastardy proceeding, and wholly independently of any finding therein made, or judgment therein rendered, with respect to the question of paternity."

In *Ogg* v. *State*, 73 Ohio St., 59, 75 N. E., 943, it was held that:

"An indictment under Section 3140-2, Revised Statutes, for failure to provide for an illegitimate child under sixteen years of age need not allege that in a previous proceeding under the bastardy act the defendant had been adjudged to be the reputed father of such child, nor is evidence of such former adjudication necessary to a valid conviction."

See, also, *State* v. *Snyder*, 157 Ohio St., 15, 104 N. E. (2d), 169.

In the *Ogg case*, the defendant was charged under the felony statute, whereas in the instant case the defendant was charged under the misdemeanor statute. The analogy however is a forceful one, and in the application of the principle of law announced in the *Ogg case*, to the factual situation presented in the case at bar, we would be required to rule that the determination of paternity in a bastardy proceeding was not a prerequisite to the prosecution of the defendant on a nonsupport charge. We also hold that the jurisdiction of the Juvenile Court under Section 2151.42, Revised Code, in nonsupport cases is concurrent with the jurisdiction conferred on other courts under Section 2903.08, Revised Code.

In *State* v. *Bone*, 25 C. C. (N. S.), 447, 27 C. D., 472 (motion to certify overruled by the Supreme Court, April 25, 1916), the defendant was prosecuted under Section 12970, General Code (now Section 2903.08, Revised Code), in the Municipal

Court of Cincinnati, for failure to support his illegitimate child. It was contended that the defendant should have been prosecuted under Section 13008, General Code, the felony statute, which in express terms provides for prosecution of fathers of illegitimate as well as legitimate children, while Section 12970, General Code, did not make such provision. The court in that case held that it was proper to prosecute a defendant in the Municipal Court under Section 12970, General Code.

It should be pointed out that Section 3111.17, Revised Code (formerly Section 12123, General Code), which provides for the procedure to be followed in a bastardy proceeding in the Juvenile Court, for many years prior to the institution of the action in the case at bar, has contained the following provision: "This section does not bar the prosecution of the accused for failure to support his illegitimate child under any statute providing for prosecution and punishment for nonsupport of legitimate or illegitimate children." This statutory provision furnishes support for the case law which is to the effect that an independent action for nonsupport may be brought regardless of the institution of a bastardy proceeding.

We come now to consider certain statutory provisions enacted since the above cases were decided. In 1941, Section 12123, General Code, of the bastardy act was amended by adding a provision at the end of the section. Under the codification effective in 1953, Section 12123, General Code, became Section 3111.17, Revised Code, and the amendment now reads as follows:

"In any such prosecution for nonsupport the adjudication that the accused is the reputed father of the illegitimate child is admissible in evidence. The acquittal of the accused in a bastardy proceeding shall be a bar to any such prosecution."

There is nothing in this provision which requires that a bastardy proceeding shall be brought prior to instituting a prosecution for nonsupport. This provision simply changes the case law in the state relative to the legal effect of the final determination of a bastardy proceeding establishing the paternity, or an acquittal, if a bastardy proceeding is instituted.

The case of *State* v. *Parker*, 82 Ohio App., 235, 78 N. E. (2d), 427, can be distinguished on the facts. In that case the charge was based on Section 1639-46, General Code, which provided that "whoever is charged by law with the care, support, * * * of a legitimate or illegitimate child * * *." The court, on page 237, held that one of the elements of the crime as defined by that section is that the person prosecuted thereunder must be one who is "charged by law" to be the father of an illegitimate child. The words "charged by law" are not found in Section 2903.08, Revised Code, under which the defendant in the instant case has been charged. See, also, *State, ex rel. Fisher,* v. *McKinney,* 55 Ohio Law Abs., 190, 85 N. E. (2d), 562, wherein this court followed the *Parker case* and made the same ruling.

In our opinion, the Piqua Municipal Court had jurisdiction. We find no error assigned well made.

We are not required to pass on the assignment of error filed by appellee as provided in Section 2505.22, Revised Code, inasmuch as there has been no reversal. See *Parton* v. *Weilnau, Admx.,* 169 Ohio St., 145.

*Judgment affirmed.*

CRAWFORD and KERNS, JJ., concur.