Tart, C. J.
Defendant’s principal contention is that he cannot be convicted under Section 2151.42, Revised Code, for failing to support a child since there has been no previous judicial determination that he is the father of that child. State v. Parker (1948), 82 Ohio App., 235, 78 N. E. (2d), 427, and State, ex rel. Fisher, v. McKinney (1949), 55 Ohio Law Abs., 190, 85 N. E. (2d), 562, seem to require such a conclusion. However, in State v. Snyder (1952), 157 Ohio St., 15, 104 N. E. (2d), 169, which involved a prosecution under the same statute (then Section 1639-46, General Code), paragraph two of the syllabus reads:
“In a prosecution * * *, the state must show beyond a reasonable doubt that the accused comes within the class of persons charged by statute with such duty. The record of a judgment in an action for divorce, wherein the mother of such child was plaintiff and the accused was defendant and wherein such child was found to be the issue of the marriage, is not admissible to establish that the accused was ‘charged by law’ with ■ the care and support of such child.”
It necessarily follows that one can be convicted under Section 2151.42, Revised Code, for failing to support a child although there has been no previous judicial determination that he is the father of such child. See Gee v. State (1899), 60 Ohio St., 485, 55 N. E., 48; Ogg v. State, 73 Ohio St., 59, 75 N. E., 943; State v. Schwartz, 137 Ohio St., 371, 30 N. E. (2d), 551. It is sufficient if such determination is made for the first time in the proceeding in which he is convicted.
A more serious problem is presented by defendant’s contention that he cannot be convicted under the foregoing statute because the mother of the child involved has been married to *100 another man since sometime prior to the child’s conception and still is married to that man.
In State, ex rel. Walker, v. Clark (1944), 144 Ohio St., 305, 58 N. E. (2d), 773, the syllabus reads in part:
“2. A child conceived during the existence of a lawful marital relation is presumed in law to be legitimate — a procreation of the husband and wife.
“3. Such presumption is not conclusive and may be rebutted by evidence, which must be clear and convincing, that there was no sexual connection between husband and wife during the time in which the child must have been conceived.
(<# # *
“6. In a case of this kind, it is incumbent on plaintiff to prove by clear and convincing evidence that the child is not attributable to her former husband. * * *”
As stated by Zimmerman, J., in State, ex rel. Hoerres, v. Wilkoff (1952), 157 Ohio St., 286, 287, 105 N. E. (2d), 39:
“The bastardizing of innocent children is a serious matter of public concern and it was certainly not the intention of the G-eneral Assembly to put it in the power of a woman married when her child was conceived and born to accuse another than her husband of being the father of such child and thereby place in issue the legitimacy of offspring according to her whim or fancy.”
The mother of the child involved testified that she had married Thomas Johnson sometime prior to 1944 when she came with her mother to Akron, that she last had sexual relations with her husband in 1949, that in 1948 she had sexual relations with defendant and got pregnant in December 1948, and that the child involved was born on August 15, 1949. She testified further that she told defendant he was the father of the child and defendant admitted he was, paid the doctor and hospital bill for the child’s birth and later paid the mother money for support of the child.
There is no testimony of the mother that she did not have sexual intercourse with her husband in 1948.
There is no other evidence tending to eliminate the husband as the father of the child. Thus, there is a failure of proof, by clear and convincing evidence, that the child is not *101 attributable to her husband. Hence, the presumption that the child was legitimate has not been rebutted, and there is no basis whatever for a determination that defendant is the father.
It follows that the judgment of the Court of Appeals must be reversed and the charge against defendant dismissed.

Judgment reversed.

Zimmerman, Matthias, G-riffith and Gibson, JJ., concur.
O’Neill, J., concurs in the syllabus only.
Herbert, J., concurs in the judgment.