THE PEOPLE *ex rel.* DEBRA HUGHES, as Parent and Guardian on Behalf of T.L.W., a Minor, *et al.*, Petitioners-Appellees, v. TROY L. WALKER, Respondent-Appellant.

Fourth District   No. 4—95—0453

Opinion filed February 29, 1996.

Reginald S. Stanmar, of La Salle, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

In July 1994 the respondent Troy Walker appeared in a paternity action filed by the Illinois Department of Public Aid (Department) on behalf of Debra Hughes and her minor child. Counsel was appointed for defendant and blood tests ordered at that time. Deoxyribonucleic acid (DNA) analysis of the blood samples of Walker, Hughes and the minor child showed a combined paternity index of 594 to 1 and a probability of paternity in Walker of 99.83% as compared to an untested, unrelated male of the North American black population. The test results were sent to Walker and filed with the court. The Department filed a motion for summary judgment supported by the affidavit of Hughes asserting that during the period of probable conception she had had sexual relations with no one but Walker.

Although Walker did not appear personally, his counsel appeared at the March 9, 1995, hearing on the motion. Summary judgment on the issue of Walker's paternity was entered over counsel's objection, although the nature of the objection is not of record. Issues of support and reimbursement claims were continued until April 6, 1995. On that date, only Walker's counsel appeared and a "Body Attachment" for Walker was issued. At a hearing held May 4, 1995, Walker presented a "Petition to Vacate Summary Judgment" pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1994)). The petition alleged that had Walker been present on March 9, evidence would have been presented rebutting Hughes' statement that she had sexual relations with Walker and no one else during the relevant period. Defendant's attached affidavit asserted Hughes told him she had sexual relations with a man other than Walker during the probable period of conception, and that Walker was a student living in Bloomington and could not secure transportation for his court appearances in March and April 1995. Also submitted was an unsworn letter of a third party asserting that Hughes had stated she had sexual relations with another male during the same time she had relations with Walker and Hughes had told both men each had fathered the child.

The court denied the "Petition," finding Walker had not shown due diligence or a meritorious defense. The court also entered temporary orders for support and withholding. Defendant appeals,

arguing the court abused its discretion in failing to vacate summary judgment, arguing that he had shown both due diligence and a meritorious defense. We disagree, but affirm for reasons other than those stated by the trial court. See *Board of Directors of Olde Salem Homeowners' Association v. Secretary of Veterans Affairs* (1992), 226 Ill. App. 3d 281, 285, 589 N.E.2d 761, 764 (reviewing court may affirm the entry of summary judgment upon any ground warranted, regardless of whether the trial court relied upon it and regardless of whether the reason the trial court gave was correct).

■ We initially note our agreement with the State's contention that Walker's "petition" should be viewed as a motion for reconsideration of summary judgment on the issue of paternity rather than a request for relief as to final judgments pursuant to section 2—1401 of the Code. In an action under the Illinois Parentage Act of 1984 (Act) (750 ILCS 45/1 *et seq.* (West 1994)), a finding of paternity alone is not a final order because it does not dispose of all matters in dispute. (See *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 417, 255 N.E.2d 900, 903; *People ex rel. Driver v. Taylor* (1987), 152 Ill. App. 3d 413, 415, 504 N.E.2d 516, 517.) Even though summary judgment may be entered as to paternity, it is an interlocutory order and the final judgment is not entered until an order of support is made. (*Taylor*, 152 Ill. App. 3d at 415, 504 N.E.2d at 517.) The circuit court has inherent authority to modify or vacate an interlocutory order granting summary judgment at any time before final judgment. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 213, 531 N.E.2d 1358, 1363; 735 ILCS 5/2—1005(c) (West 1994).) Therefore, since summary judgment on the issue of paternity was merely interlocutory, no final judgment had been entered and Walker's petition to vacate was procedurally improper. In accordance with the State's suggestion, we will construe the petition as a motion for reconsideration of summary judgment.

■ The State is incorrect, however, in its assertion that review is based on abuse of discretion. In an appeal from a grant of summary judgment, review is *de novo*, independent of the trial court's reasoning on the issue presented. (*Crum & Forster Managers Corp. v. Resolution Trust Corp.* (1993), 156 Ill. 2d 384, 390, 620 N.E.2d 1073, 1077.) Summary judgment is an appropriate measure where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law (735 ILCS 5/2—1005(c) (West 1994); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871), but where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209.

■ Pursuant to section 11(f)(4) of the Act, if the alleged father is not excluded and the combined paternity index is at least 500 to 1, the alleged father is presumed to be the father, and this presumption can only be rebutted by clear and convincing evidence. (750 ILCS 45/11(f)(4) (West 1994).) Walker argues he has shown due diligence in presenting his "Petition" to vacate less than two months after summary judgment was entered and suggests that if the facts alleged in the affidavit had been known prior to the entry of summary judgment, they would have been presented. This statement, however, belies the contention of the petition that "had the defendant been present in court on March 9, 1995, evidence would have been submitted to rebut Debra Hughes' sworn statement" that she had sexual relations only with Walker during the probable period of conception.

In any event, this contention has little, if any, relevance to the question before this court. The issue is whether Walker has presented a genuine issue of material fact rebutting the presumption. Walker alleges that the existence of another male having sexual relations with Hughes during the probable period of conception creates a "meritorious defense." In support of this view he cites *In re Marriage of Tzoumas* (1989), 187 Ill. App. 3d 723, 543 N.E.2d 1093, a case we find distinguishable on its facts. In *Tzoumas*, the husband filed a section 2—1401 petition to vacate a judgment of dissolution of marriage incorporating child support provisions for a child born during the marriage. He appended an affidavit stating that his former wife told him after the dissolution that George Doe had fathered the child, that Doe was reported to have remained in the company of the mother and child, and that numerous relatives had commented on the child's striking resemblance to Doe. The petition also requested an order for blood tests to determine whether the husband was the biological father of the child. The court found that if the allegations of the petition were found to be true, it would have been an abuse of the trial court's discretion to deny the request for blood tests to determine paternity. *Tzoumas*, 187 Ill. App. 3d at 732-33, 543 N.E.2d at 1098.

The presumption of paternity in *Tzoumas* was based on section 5 of the Act, which provides that a man is presumed to be the natural father of a child born or conceived during the marriage to the natural mother. (See Ill. Rev. Stat. 1987, ch. 40, par. 2505(a)(1).) However, that presumption may itself be rebutted by clear and convincing proof, such as lack of access to the mother or blood tests excluding the husband as the biological father. (*People v. Askew* (1979), 74 Ill. App. 3d 743, 747, 393 N.E.2d 1124, 1128; 750 ILCS 45/11(g) (West 1994).) In this case the presumption of paternity in Walker was established by genetic blood testing indicating he was not excluded

and a paternity index of more than 500 to 1. Moreover, Walker did not deny sexual relations with Hughes during the probable period of conception.

■ The question here is whether Walker's documentary submissions following the entry of summary judgment have created a genuine issue of material fact regarding his presumed paternity of the minor child. If the evidence submitted does nothing to rebut the presumption, it cannot be deemed as raising a material fact. The document submitted by the third party and referred to by Walker as an "affidavit" is merely an unsworn note and as such is incompetent and insufficient as a matter of law. (*Northrop v. Lopatka* (1993), 242 Ill. App. 3d 1, 7, 610 N.E.2d 806, 811.) As for Walker's affidavit, it states only that Hughes told him she had sexual relations with an unnamed (and untested) male during the probable period of conception. This bare statement is unsupported by any corroborating evidence by affidavit or deposition testimony which would controvert the presumption supporting the motion for summary judgment. Walker does not deny he had sexual relations with Hughes during the period of conception or challenge the blood testing results or procedures or contend he is sterile or impotent. The mere existence of access to the mother during the relevant period by another male whose paternity index is unknown is no stronger evidence than the comparison of Walker's paternity index to the random man. This evidence does nothing to alter Walker's 99.83% probability of paternity nor rebut the statutory presumption based on genetic testing. (See *County of El Dorado v. Misura* (1995), 33 Cal. App. 4th 73, 83-84, 38 Cal. Rptr. 2d 908, 914.) Since only clear and convincing evidence can overcome a presumption of paternity when the combined paternity index is greater than 500 to 1, evidence of the existence of a random man with access to Hughes fails to create an issue of *material* fact sufficient to rebut the presumption and summary judgment was properly entered against Walker.

The judgment of the circuit court is affirmed.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.